IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOME DEPOT U.S.A., INC. | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| CONTINENTAL CASUALTY COMPANY, | § | |
| | § | |
|    Defendant. | § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Home Depot U.S.A., Inc. ("Plaintiff" or "Home Depot"), files its Original Complaint ("Complaint") against Defendant Continental Casualty Company ("Defendant" or "CCC") as follows:

## I.
## JURISDICTION AND VENUE

1. Plaintiff Home Depot U.S.A., Inc. is incorporated and duly organized under the laws of the State of Delaware, and has its principal place of business in the State of Georgia.

2. Defendant Continental Casualty Company is incorporated and duly organized under the laws of the State of Illinois, and has its principal place of business in the State of Illinois. CCC is licensed to and, upon information and belief, does business in the State of Texas. Pursuant to the Texas Insurance Code, CCC may be served with process by and through its designated agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. Because there is complete diversity between the parties the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391.

## II.
## FACTUAL BACKGROUND

5. This action for breach of contract and declaratory judgment arises out of a dispute between Home Depot and CCC regarding CCC's failure to honor its obligation to defend and provide coverage to Home Depot for claims asserted against it in the lawsuit styled *Jose Avila Rizo v. Home Depot U.S.A., Inc.*; Cause No. 2:17-cv-00263; in the United States District Court, Southern District of Texas, Corpus Christi Division (the "Lawsuit"). A true and correct copy of Jose Avila Rizo's Second Amended Complaint ("Second Amended Complaint") is attached as Exhibit "A."

6. In the Second Amended Complaint, Rizo alleges that while shopping at a Home Depot store located at 4038 South Port Avenue, Corpus Christi, Texas 78415 on March 29, 2017, he sustained injuries when he slipped and fell due to water that had collected on the floor that had leaked from the roof of the store. *See* Amended Petition, Exhibit "A", at ¶ 5.

7. Rizo further alleges that Merit Roofing Systems, Inc. ("Merit") had contracted with Home Depot to fix the leaking roof, and that Merit's acts/omissions were the proximate cause of Plaintiff's fall because Merit was negligent in:

    A. Failing to maintain the roof in a safe manner;

    B. Failing to adequately repair any leaks in the roof;

    C. Failing to adequately re-surface the roof;

    D. Failing to provide safety training for its employees ad workers;

    E. Negligently selected its employees;

  F. Failing to provide adequate supervision of its employees;

  G. Failing to provide proper instructions to employees;

  H. Failing to require adequate experience to perform tasks related to the maintenance and re-coating of the roof;

  I. Delegating inappropriate tasks to untrained employees;

  J. Failing to observe and follow all safety regulations; and

  K. Failing to exercise reasonable care to protect invitees against danger, in violation of Restatement (Second) of Torts §343 (1965), which, Rizo claims, constitutes negligence *per* se.

*See* id. at ¶ 23.

8. Rizo further alleges that Merit and Home Depot were parties to a Maintenance Services Agreement whereby Merit performed roofing services for Home Depot, including a removal and resurface of the Home Depot roof, and that Merit was negligence was also a proximate cause of Plaintiff's fall in one or more of the following ways:

  A. Failing to ensure that the roof did not leak water into the store while the work was being performed;

  B. Failing to ensure the roof did not leak water into the store following completion of the project;

  C. Failing to properly inspect the roof during the removal of the then-existing roof system;

  D. Failing to properly inspect or monitor the disposal of all items from the then-existing roof system;

  E. Failing to properly inspect the roof during the re-coating process;

F. Failing to ensure any leaks were adequately repaired; and

G. Failing to properly inspect the roof upon completion of the project.

*See* id. at ¶ 17, 28.

9. Rizo further alleges that Home Depot, as the premises occupier, is responsible for the failure to maintain the premises of the store in a reasonably safe condition for its business invitees.

10. Rizo therefore specifically asserts claims against Home Depot that arise out of services performed for Home Depot by Merit, and arise out of injuries to Plaintiff allegedly caused by Merit's negligent acts and/or omissions in connection with providing those services.

11. Merit did perform repair and maintenance services for Home Depot at the store pursuant to that certain Maintenance Services Agreement between Home Depot and Merit, dated as of July 28, 2015 (the "Services Agreement").

12. The Services Agreement obligates Merit to carry specific levels of liability insurance under a qualifying policy with certain coverage and minimum limits requirements to protect both Home Depot and Merit in the event of claims such as those being asserted in the Lawsuit.

13. The Services Agreement further required Merit to name Home Depot as an additional insured under its insurance policy and, on information and belief, Merit carries a commercial general liability policy with Defendant, pursuant to which Home Depot is named (and qualifies) as an "additional insured," thus affording Home Depot all of the privileges and legal remedies available to Merit under the policy.

14. As an additional insured under the insurance policy, Home Depot is entitled to coverage with respect to claims and allegations that arise out of services provided by Merit to Home Depot pursuant to the terms and conditions of the Services Agreement.

15. Home Depot made written demand to CCC to honor and perform its duty to defend and provide liability coverage to Home Depot in connection with the claims asserted against it by Rizo in the Lawsuit. CCC has failed to accept and honor its obligations to defend and cover Home Depot in connection with the Lawsuit.

16. All conditions precedent to bringing this breach of contract and declaratory judgment action have been satisfied.

## III.
## CLAIMS FOR RELIEF

17. CCC has breached its obligation to provide a defense to Home Depot in the Lawsuit. Accordingly, Home Depot seeks all damages caused thereby which are recoverable by law, as well as a declaration that CCC has owed, and continues to owe, a duty to defend Home Depot in the Lawsuit pursuant to the terms and conditions of the commercial general liability insurance policy, including any endorsements, under which Home Depot is designated as an additional insured. As a result of CCC's breach of contract, Home Depot has had to retain legal counsel for defense in the Lawsuit, and has incurred necessary attorneys' fees and costs in connection with that defense. Accordingly, Home Depot seeks recovery for all damages caused by such contractual breach.

18. In addition, Home Depot has also been forced to incur legal fees and expenses in connection with enforcing CCC's obligations to defend Home Depot in the Lawsuit, and in connection with the pursuit of this action for breach of contract and declaratory judgment.

Accordingly, Home Depot seeks recovery of those reasonable and necessary attorneys' fees, costs and expenses incurred. Presentment of demand has been made as required by law.

## IV.
## DAMAGES

19. Home Depot respectfully requests that the following damages be considered for the purposes of determining the sum of money that Home Depot is entitled to recover from CCC: (a) the amount of damages, if any, awarded to the Plaintiff by the trier of fact against Home Depot in the Lawsuit; (b) Home Depot's court costs, reasonable expenses, and reasonable and necessary attorneys' fees incurred in defending the allegations brought against it in the Lawsuit; (c) Home Depot's court costs, reasonable expense and reasonable attorneys' fees incurred by Home Depot to enforce its rights to a defense and to prosecute its claims for breach of contract and for declaratory judgment; and, (d) Home Depot's actual damages resulting from the conduct of CCC as described herein.

## V.
## JURY DEMAND

20. Home Depot requests a jury on all issues triable to a jury.

## VI.
## PRAYER AND CONCLUSION

Based on the foregoing, Home Depot prays that upon final trial and hearing, Home Depot take judgment against Continental Casualty Company for its actual damages as set forth herein, together with interest on the judgment at the legal rate, prejudgment interest, costs of court, reasonable attorneys' fees and for such other relief, both general and specific, whether at law or in equity, to which Home Depot may be justly entitled.

Respectfully submitted,

By:   */s/ Arthur K. Smith*
     Arthur K. Smith
     State Bar No. 18534100

     LAW OFFICES OF ARTHUR K. SMITH,
     a Professional Corporation
     507 Prestige Circle
     Allen, Texas 75002-3419
     Telephone: 469/519-2500
     Facsimile: 469/519-2555
     asmith@aksmithlaw.com

ATTORNEYS FOR PLAINTIFF
HOME DEPOT U.S.A., INC.